Filed 6/1/22  In re Kakowski CA2/5
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re BRIAN KAKOWSKI<br><br>on<br><br>Habeas Corpus. | B307097<br><br>(Los Angeles County<br>Super. Ct. No.<br>BH013122) |

ORIGINAL PROCEEDING; petition for writ of habeas corpus.  Superior Court of Los Angeles County, William C. Ryan, Judge.  Petition denied.

Allen G. Weinberg, under appointment by the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Phillip J. Lindsay, Senior Assistant Attorney General, Julie A. Malone and Jennifer O. Cano, Deputy Attorneys General, for Respondent.

# I. BACKGROUND

Petitioner Brian Kakowski is currently serving a 40 year to life term in prison for multiple violent and nonviolent felony convictions, including second degree robbery (Pen. Code, § 212.5, subd. (c)),[1] second degree burglary (§ 459), use of another's identifying information (§ 530.6, subd. (a)), and making criminal threats (§ 422).

On July 12, 2020, petitioner filed a petition in the superior court contending he was entitled to early parole consideration under the Public Safety and Rehabilitation Act of 2016 (Proposition 57). Proposition 57 added section 32, subdivision (a) to Article I of California's Constitution. Subdivision (a)(1) reads: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense." The trial court denied petitioner's request for relief, finding he was not entitled to early parole consideration because "he was convicted of second degree robbery in his controlling case . . . and all robberies are violent felonies." After the superior court denied relief, petitioner filed a petition for habeas corpus in this court seeking the same Proposition 57 relief he sought in the trial court.

In an opinion filed March 10, 2021, we concluded petitioner was eligible for early parole consideration under Proposition 57, for the reasons articulated in *In re Mohammad* (2019) 42 Cal.App.5th 719 (*Mohammad I*), which was then under review by the Supreme Court. The Supreme Court granted the People's

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

petition to review our decision in this case and held the matter pending its review of *Mohammad I.*

On January 3, 2022, the Supreme Court reversed *Mohammad I.* (*In re Mohammad* (2022) 12 Cal.5th 518 (*Mohammad II*).) Two months later, it transferred this matter back to this court with directions to vacate our March 10, 2021, opinion and reconsider the cause in light of *Mohammad II.* The People filed a supplemental brief, arguing petitioner is not entitled to an early parole hearing under *Mohammad II.* Petitioner did not file a supplemental brief. We now vacate our March 10, 2021, decision and deny the petition for writ of habeas corpus.

## II.    DISCUSSION

Section 32, subdivision (a)(1) of article I of the California Constitution provides that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." At issue in *Mohammad I* and *Mohammad II* was whether this constitutional provision unambiguously extends early parole consideration to any inmate "convicted of a nonviolent felony offense," irrespective of whether the inmate was also convicted of a violent offense.

Reversing *Mohammad I*, the Supreme Court concluded the provision is ambiguous. (*Mohammad II, supra,* 12 Cal.5th at pp. 531–534.) To resolve the ambiguity, it looked to Proposition 57's ballot materials for evidence of the voters' intent. Those ballot materials, the court found, "conveyed to the voters that Proposition 57 would establish 'parole consideration for

3

nonviolent offenders' [citation omitted] and would not authorize early parole consideration for 'violent offenders' [citation omitted]." (*Id*. at p. 537.) As such, the Department of Corrections and Rehabilitation's regulation excluding from early parole consideration inmates who are "currently serving a term of incarceration for a violent felony" is consistent with the voter's intent and "'reasonably necessary to effectuate the purpose'" of Proposition 57. (*Id*. at p. 538.)

The parties agree petitioner's four convictions for second degree robbery are violent offenses while his convictions for second degree burglary, use of another's identifying information, and making criminal threats are nonviolent offenses. (Cal. Code Regs., tit. 15, § 3495, subd. (c) [for purposes of Proposition 57, a "['v]iolent felony' is a crime or enhancement as defined in subdivision (c) of section 667.5 . . ."]; see also § 667.5, subd. (c).) Under *Mohammad II*, he is ineligible for early parole consideration pursuant to Proposition 57 because he was convicted of violent felonies in addition to his nonviolent felony offenses.

## III.   DISPOSITION

The petition for writ of habeas corpus is denied.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.